Michael Massengale, Justice
This is a lawsuit over a bar fight. The parties' brawl continues in the form of an interlocutory appeal authorized by the Texas Citizens Participation Act. After the plaintiff, Gary Baker, pleaded statutory nuisance claims, the owners of the premises moved to dismiss those claims on the theory that they were based on, related to, or in response to their exercise of the "right of association."
*895 TEX. CIV. PRAC. & REM. CODE §§ 27.001(2), 27.003(a). The motion was denied and this appeal ensued.
The appellants suggest that the nightclub operating on their premises facilitates the exercise of the right of association by bar patrons, and even their agents and employees, but they provided no evidence that their own associational rights, as defined by the statute, were implicated by the nuisance claims. This was fatal to their motion, which had to demonstrate that the challenged legal action was based on, related to, or in response to the movant's exercise of a right protected by the TCPA. Id. § 27.003(a). Accordingly we affirm the denial of the TCPA motion to dismiss.
Background
Appellee Gary Baker contends that he was severely beaten by four bouncers who worked for Empire nightclub after a misunderstanding about payment for a drink. Baker also contends that the bouncers stole money from him. He sued the nightclub operator, Club Myst LLC; several agents of the nightclub; LFMC Enterprises, LLC, which owns and leases the nightclub premises; Li Feng and Mimi Chan, who are the owners of LFMC Enterprises; a club promotion company; and the owners, agents, and managing employees of the club promotion company. Among other causes of action against the various defendants, Baker initially alleged that LFMC Enterprises, Feng, and Chan committed negligence, assault, theft, and gross negligence, and that they violated the Texas Deceptive Trade Practices Act.
In an amended petition, Baker pleaded a new cause of action for nuisance under Chapter 125 of the Civil Practice and Remedies Code. He alleged that LFMC Enterprises, Feng, and Chan "maintained, aided and abetted, and otherwise permitted and facilitated the existence of a highly dangerous, unlicensed, and illegal nightclub." He also asserted that people habitually went to the nightclub for illegal purposes, such as publicly discharging a firearm, recklessly discharging a firearm, engaging in gang activity, aggravated assault, sexual assault, aggravated sexual assault, robbery, aggravated robbery, and unlawfully carrying a weapon. Though Baker did not allege that LFMC Enterprises, Feng, and Chan participated in these illegal activities, he did allege that they knew about and tolerated them without making reasonable attempts at abatement because they were profiting from the rental revenue. He further maintained that the illegal and dangerous activities were continuing on the premises and that, "singularly and collectively," they constituted a nuisance under the statute. Baker sought damages and an injunction to prohibit the appellants from allowing an unlicensed nightclub to operate on their premises.
In response to the statutory nuisance claims, LFMC Enterprises, Feng, and Chan filed a motion to dismiss under the Texas Citizens Participation Act. They characterized the nuisance claims as being "specifically against the LFMC Defendants for having a nightclub in the City of Houston." They asserted that the nuisance claims interfered with their constitutional right of association, arguing that "the nightclub operating the premises is used for ... getting together to communicate and join together to express and promote common interests." The only evidence attached to the motion to dismiss was an affidavit from Chan, who averred:
LFMC Enterprises, LLC, although not directly involved in the operation of the nightclub on the premises, leases the subject property at issue in this litigation with the knowledge and expectation that same will be used as a nightclub where people-including agents and employees of LFMC Enterprises, LLC-may go to associate and speak freely if they should wish. Further it is the expectation *896 that the association of the individuals will be with a common interest; that is to socialize, dance, and to speak freely about current events or whatever is at issue for the individuals in a relaxed environment. Because of the inherent nature of a nightclub, it is not unusual for sounds of the communications taking place as part of the exercise of the right of nightclub patrons to associate with each other to be audible to passersby.
Focusing on the enforceability of municipal dance-hall licensing regulations, Baker responded that his claims did not "infringe upon any of the protections of the TCPA." He attached police records, records from the Texas Alcoholic Beverage Commission, business records affidavits, his second amended petition, and a transcript of Chan's deposition. Chan testified that she and Feng were the only owners of LFMC Enterprises, which owns the building that was used as a nightclub. She testified that she was "just the landlord," and in that capacity she collected rent, paid bills (including taxes, insurance, and the mortgage), and oversaw maintenance. She also testified that she had never been to the club operated by Club Myst, saying: "I just rent the property.... I don't like noises; so, I don't go down there at night." When asked about crime in the vicinity of the club and whether she felt obligated to prevent shootings on her property, she responded, "I don't know. I'm not in that part of town. I don't know. I cannot tell you." However, she testified that bars were installed on the windows. Feng contributed money to LFMC Enterprises, but she played no other role in its operation.
After the trial court heard arguments, the TCPA motion was denied by operation of law. LFMC Enterprises, Feng, and Chan appealed.
Analysis
Two issues have been raised on appeal. First, the appellants assert that the TCPA applied because the statutory nuisance claim was a legal action based on, related to, or in response to their exercise of the right of association. Second they challenge the adequacy of the evidence to demonstrate a prima facie case for each essential element of the claim.
To the extent our review depends upon the interpretation of a statute, we review de novo. See Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc. , 441 S.W.3d 345, 353 (Tex. App.-Houston [1st Dist.] 2013, pet. denied). "In interpreting statutes, our primary purpose is to give effect to the legislature's intent by relying on the plain meaning of the text adopted by the legislature, unless a different meaning is supplied by statutory definition or is apparent from the context, or the plain meaning leads to absurd results." Id. at 353 (citing Tex. Lottery Comm'n v. First State Bank of DeQueen , 325 S.W.3d 628, 635 (Tex. 2010) ).
The TCPA provides: "If a legal action is based on, relates to, or is in response to a party's exercise of the right of free speech, right to petition, or right of association, that party may file a motion to dismiss the legal action." TEX. CIV. PRAC. & REM. CODE § 27.003(a) (emphasis supplied). The statutory text specifies that a TCPA motion must demonstrate that the challenged legal action implicates the movant's own exercise of one of the rights identified by the statute. See id. For purposes of the TCPA, " 'Exercise of the right of association' means a communication between individuals who join together to collectively express, promote, pursue, or defend common interests." Id. § 27.001(2). Under the statute, " 'Communication' includes the making or submitting of a statement or document in any form or medium, including oral, *897 visual, written, audiovisual, or electronic." Id. § 27.001(1).
The appellants argue that Baker's statutory nuisance claim was a legal action based on their exercise of the right of association. We consider the parties' pleadings and affidavits when reviewing a ruling on a TCPA motion to dismiss. See id. § 27.006(a). The appellants had the initial burden to demonstrate by a preponderance of the evidence that the TCPA applied. Id. § 27.005(b); see Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd. , 416 S.W.3d 71, 80 (Tex. App.-Houston [1st Dist.] 2013, pet. denied).
Baker alleged a statutory common-nuisance claim and a statutory public-nuisance claim as provided by Chapter 125 of the Civil Practice and Remedies Code. A person maintains a "common nuisance" by maintaining "a place to which persons habitually go" for the purpose of committing specified criminal activities and by knowingly tolerating the activity and failing "to make reasonable attempts to abate the activity." TEX. CIV. PRAC. & REM. CODE § 125.0015(a). "The habitual use of a place by a combination or criminal street gang for engaging in gang activity is a public nuisance." Id. § 125.063. An individual may bring suit to abate a statutory common nuisance, whereas a "resident of the state may sue to enjoin a public nuisance." Id. §§ 125.002; 125.064(a).
In support of their motion to dismiss, the appellants rely on Chan's affidavit to show that they exercised their rights of association at the nightclub which was operated on property they owned and leased to Club Mystic. In their brief, the appellants argue: "Mimi Chan testified by affidavit that appellants used the nightclub at issue to 'associate and speak freely about current events' with other persons having a 'common interest.' This testimony establishes beyond doubt that appellants were engaged in 'exercise of the right of association' ...." In response, Baker argues that Chan's affidavit is speculative and does not show that appellants exercised their rights of association at the club.
In her affidavit, Chan did not suggest that any appellant had ever exercised the right to associate at the nightclub. Instead, she averred that LFMC Enterprises leased the property "with the knowledge and expectation" that it would be used as a nightclub, where "people-including agents and employees of LFMC Enterprises, LLC-may go to associate and speak freely if they should wish." Chan also stated: "it is the expectation that the association of the individuals will be with a common interest; that is to socialize, dance, and to speak freely about current events or whatever is at issue for the individuals in a relaxed environment."
Notably, Chan did not state that any appellant (or agent of LFMC Enterprises) ever actually went to the property while it was being operated as a nightclub or engaged in any communication with others about common interests there. See id. § 27.001(2). Nor did she suggest any future intention to do so. Chan's affidavit does not establish that any appellant (individually or acting through an agent of the entity) exercised a right of association by going to the nightclub, much less demonstrate by a preponderance of the evidence that Baker's nuisance claim was based on, related to, or in response to the appellants' own past or anticipated future activity there.
The appellants argue that Elite Auto Body, LLC v. Autocraft Bodywerks, Inc. , 520 S.W.3d 191 (Tex. App.-Austin 2017, pet. dism'd), supports their contention that the statutory nuisance claim "took direct aim" at their exercise of the right of association. Elite Auto Body was a case involving allegations of misappropriation of trade *898 secrets. 520 S.W.3d at 194. The lawsuit alleged that employees left Autocraft to work for its competitor, Elite. Id. The former employees allegedly gave Elite confidential information obtained while they worked for Autocraft, such as "salary and other personnel information, financial information," technical information, and client information. Id. The court of appeals noted that Autocraft alleged that Elite's employees had communicated the confidential information among themselves, and that they communicated with other Autocraft employees in an attempt to lure them to Elite. Id. at 205. The court held that those facts supported a conclusion that the communications were "between individuals who join together to collectively ... promote, pursue, or defend common interests." As such, the court held that Autocraft's claims were based on, related to, or in response to the exercise of the right of association by Elite and its employees and agents. Id. at 205-06. In contrast to Elite Auto Body , the appellants in this appeal do not allege or provide evidence to suggest that the nuisance claim was based on, related to, or in response to their past or future communications with others at the nightclub. See TEX. CIV. PRAC. & REM. CODE §§ 27.001(1) - (2), 27.003(a).
The appellants also argue that the statutory language requiring that a legal action challenged under the TCPA "is based on, relates to, or is in response to" the exercise of various rights is broader than "the articulated factual predicate" in the pleadings. They thus assert that the existence of "some sort of connection, reference, or relationship" between their exercise of the right of association and Baker's claims is sufficient to invoke the TCPA. Despite the expansive phrasing of the TCPA, the appellants have failed to demonstrate even an attenuated connection between Baker's claims and their exercise of the right of association at the club, as opposed to the exercise of the right to association by the club's patrons who engaged in conduct forming the basis for the nuisance claims. Cf. Cavin v. Abbott , No. 03-16-00395-CV, 545 S.W.3d 47, 67-69, 2017 WL 3044583, at *14-15 (Tex. App.-Austin July 14, 2017, no pet.) (discussing the TCPA's broad scope).
Finally, the appellants assert that the TCPA applies because the nature of the requested relief-an injunction-inevitably would infringe upon their right of association. Specifically, they argued that an injunction "would deny appellants the right to associate at the nightclub on their property because of fear of the pains and penalties to be inflicted if they were not completely successful in the court-imposed duty to enforce compliance with the myriad of nightclub laws."
Baker requested a permanent injunction prohibiting the appellants "from operating or allowing to operate any nightclub on the premises ... which does not have a valid and current dance hall license from the City of Houston." As authorized by the statute, the claims seek to abate and prevent the maintenance of a nuisance. See TEX. CIV. PRAC. & REM. CODE § 125.002. In the absence of any pleadings or evidence that the appellants have exercised, do exercise, or will exercise their rights of association by gathering at the club, or that the nuisance claim was based upon, related to, or in response to the exercise of the right of association by LFMC Enterprises, Feng, or Chan, we conclude that the request for an injunction to abate or prevent the maintenance of a nuisance does not satisfy the statutory requirements for the TCPA to apply.
Because the appellants did not carry their burden to establish the applicability of the TCPA, the trial court did not err by denying the motion by operation of law. As such, we do not need to address the appellants' second issue, which argued that Baker *899 did not establish a prima facie case by clear and specific evidence. See TEX. R. APP. P. 47.1.
Conclusion
We affirm the denial of the motion to dismiss.